## MICHAEL CARROLL *v.* MICHAEL COUGHLIN AND JOHN SMITH.

It is a general principle that where a power is conferred by statute, there arises by implication, when the statute is silent on the subject, the necessary authority to make it effectual.

In a case, therefore, where it is provided by statute (the Mechanics' Lien Law, *Laws of* 1863, Ch. 500), that the owner of premises against which a mechanic's lien is filed may institute proceedings to terminate the lien, by service of notice on the lienor to appear, &c., though the statute does not expressly declare what shall be the effect of the lienor's failure to appear on the day named in the notice, the court will look at the intention of the legislature and will grant a judgment terminating the lien.

*Held*, further, that the owner of property who denies the validity of a lien filed against it, will not be required, in order to terminate the lien, either to make the deposit of money as provided by section 10 of the act, or to await the action of the lienor, for the year within which the latter's right to foreclose is restricted, but he may at any time serve notice of an application to exempt the property from the lien.

### SPECIAL TERM—*November*, 1869.

MOTION by the owner of property to exempt the same from certain mechanics' liens.

The liens were filed during the month of September, 1869, and in October, 1869, the owner served on the lienors a notice that an application would be made to a judge of this court for an order or judgment exempting the property from any claim on account of the liens. The motion was granted with the following opinion.

*Stanley, Langdell & Brown*, for the motion.

BRADY, J.—It is provided by section 4 of the act of 1863, to secure the payment of mechanics' liens (Laws 1863, p. 859), that any person or persons having filed a notice of lien, may in ten days thereafter institute a proceeding to *enforce* or foreclose the lien, and any owner or other person interested may also commence such proceedings, &c. The proceedings shall be commenced (§ 5) by a notice stating the liens and times of filing, and be served upon all persons having filed notices of

lien at the place by them designated, requiring them to appear in court at a day and hour named, which notice shall be served ten days before the time specified (except those acquiring after liens); and within ten days after such service, each party shall file in court or with the clerk a brief statement of his claim, and any party interested may, in five days, state his objections to such claim, &c. These sections, as we have seen, provide that the owner may initiate the proceeding to terminate the lien upon his property by the service of a notice upon the lienors, who have ten days after service thereof to file in court a brief statement of their claims, and the object of the sections is to restrict the right of the lienors to commence an action within one year after the filing of the lien, which they may do, unless the owner compels them to begin at an earlier period. The latter proposition results from the construction to be placed upon § 10, which provides for the manner in which liens may be discharged, and which, by the third subdivision, declares that it may be accomplished by an entry of an order to discharge the same by any judge of a court of record, made on due proof that one year has elapsed; that no action or proceeding has been had on such lien, and a certificate of the clerk that no notice of such proceeding has been filed with him. By section 7 it is provided that in case the parties notified shall neglect to appear and object or insist on any claim, the court may take the proofs and determine the equities of the parties, &c.; and by section 10 (4th subdivision), to which reference has already been made, it is provided that a lien may be discharged by a judgment, or docket of a judgment, exempting such property after ten days have elapsed and no appeal has been taken therefrom. If the owner can initiate the proceedings and cannot terminate the lien, then the power conferred is an absurdity, which we cannot say it was the intention of the legislature to enact. It is a general principle that where a power is conferred by statute there arises by implication, when the statute is silent on the subject, the necessary authority to make it effectual. It is not expressly declared by the act under consideration what shall be the effect of a failure of the lienor to appear and file a statement of his claim, on the day

named in a notice from the owner, but the sections to which reference has been made show the intention of the legislature to be that the owner shall possess the right to compel a speedy determination of the validity of a lien filed against his property, which the lienor should not retard simply because he chooses for any reason to delay during the greater part of the year given him to enforce his lien. The reason for such a construction of the statute is obvious, and it is that the lien being an incumbrance upon the property, affecting its value, and also a cloud upon the title, should not be permitted to remain, if unauthorized by the facts, one moment beyond the time necessary to determine in a legal mode its validity. It is my opinion, therefore, that under sections 4, 5, 7 and 10, to which reference has been made, considered together in regard to the rights of the owner secured by their provisions, the owner may serve notice on the lienors to appear, and if they fail to appear and file a statement of their claims within the time prescribed, the court before which the lienors are cited to appear may, on proof of service of the notice and the failure of the lienors stated, direct a judgment exempting the property from their liens, in the language of section 10, heretofore recited. Upon a careful consideration of this subject I am unable to discover any reason against this construction of the sections referred to, assuming them, for the sake of the argument, to be of extremely doubtful import upon the question stated. The lienors are required, after personal service of the notice, to file their claims, and abundant time is given for that purpose. If they neglect to do what is required, it involves no more serious consequences than the failure to answer a summons served in twenty days, and thereby permitting judgment to be taken, or to do any other act which, by law, must be performed within a given period. It is also eminently just that the owner who denies the validity of a lien shall not be required for a whole year to await the action of the lienor, and keep his property subject, during that time, to the caprice of the latter. It is true that the owner may relieve his property of the lien by depositing the amount to the credit of the lien, with the clerk where the lien is filed (§ 10), but the owner should not be compelled to

do that, unless the statute is imperative that he cannot, in any other mode, procure the discharge of the lien. My views are, as already stated, that either owner or lienor may be the prosecuting party, and that in either proceeding a judgment may be rendered, whether the party served appears or not.

. Ordered accordingly.